```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ABAYOMI FAGBEYIRO,                                          :
                                                            :
                                       Plaintiff,           :
                                                            :          17-CV-7056 (VSB)
              - against -                                   :
                                                            :          **OPINION & ORDER**
                                                            :
SCHMITT-SUSSMAN ENTERPRISES, INC.,                          :
et al.,                                                     :
                                                            :
                                       Defendants.          :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/2018

Appearances:

Daniel Joseph Grace
Danny Grace, P.C.
New York, New York
*Counsel for Plaintiff*

Thomas Peter Lambert
Brian Edward Tims
Halloran & Sage
Westport, Connecticut
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Abayomi Fagbeyiro ("Plaintiff" or "Fagbeyiro") brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.*, alleging employment discrimination and retaliation claims against Defendants Schmitt-Sussman Enterprises, Inc. d/b/a PFP ("PFP"), Charisse Fulton-Taylor, Johnnette White, Julie Knuff, Timothy Schmitt, and David Sussman (the "Individual Defendants" and collectively with PFP, "Defendants"). Before me is

Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the doctrine of *forum non conveniens*. For the reasons that follow, I find that Plaintiff agreed to a forum selection clause that covers his claims in this action and requires his claims be brought in Connecticut state court. Defendants' motion to dismiss on *forum non conveniens* grounds is therefore GRANTED, and I do not reach Defendants' arguments under Rule 12(b)(6).

## I. Background

Plaintiff was an employee of PFP from May of 2007 through March 3, 2017. (Compl. ¶¶ 13, 16.)[1] PFP is a distributor of individual insurance products sold directly to credit union members and provides its credit union partners the additional marketing resources essential to enrolling new members and cross-selling products. (*Id.* ¶ 17.) Plaintiff held various positions with PFP, beginning as a Sales Representative and then as a Sales Management Consultant. (*Id.* ¶ 14.)

On or about May 14, 2007, when Plaintiff began his employment with PFP, Plaintiff executed an Employee Non-Competition, Non-Solicitation and Confidentiality Agreement (the "Agreement"). (*See* Gottleib Decl. ¶ 5; *id.* Ex. 1.)[2] The Agreement contains a choice of law and forum selection clause ("Forum Selection Clause" or "Clause"), which provides as follows: "This [A]greement shall be construed in accordance with the laws of the State of Connecticut, and the jurisdiction and venue for any litigation involving this Agreement or the employment relationship shall be set in the State Court of New Haven County, Connecticut." (*Id.* Ex. 1, ¶ 6(D).) The Agreement also contains the following language above Plaintiff's signature:

> The undersigned Employee acknowledges that Employee has read the foregoing Employment Agreement in its entirety, that Employee has been offered the

---

[1] "Compl." refers to Plaintiff's Complaint and Demand for Jury Trial ("Complaint"), filed September 15, 2017. (Doc. 1.)

[2] "Gottleib Decl." refers to the Declaration of Terry Gottleib, filed January 19, 2018. (Doc. 25.)

2

opportunity to review the Agreement with Employee's attorney, that Employee fully understands its terms and provisions, and that Employee fairly agrees to enter into this Agreement, to honor the Agreement and to be bound by all of its terms and provisions.

(*Id.* Ex. 1, at 5.)

## II.     Procedural History

On September 15, 2017, Plaintiff initiated this action by filing the Complaint. (Doc. 1.) On January 19, 2018, Defendants filed their motion to dismiss, (Doc. 23), along with an accompanying memorandum of law, (Doc. 24), and declaration in support of their motion, (Doc. 25).[3] On February 19, 2018, Plaintiff filed his opposition to Defendants' motion, (Doc. 26), and declaration in support of service of his motion, (Doc. 27). On March 5, 2018, Defendants filed their reply in further support of their motion. (Doc. 28.)

## III.    Legal Standard

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013); *see also Martinez v. Bloomberg LP*, 740 F.3d 211, 216 (2d Cir. 2014) (citing *Atlantic Marine* and explaining that the proper procedural vehicle for enforcing a forum selection clause is through the doctrine of *forum non conveniens* rather than through Rule 12(b)). In deciding a motion to dismiss on *forum non conveniens* grounds, the court "normally relies solely on the pleadings and affidavits," *Martinez*, 740 F.3d at 216, but "cannot resolve any disputed material fact in the movant's favor unless an evidentiary

---

[3] Plaintiff argues that I cannot consider matters outside the pleadings—*i.e.*, the Declaration of Terry Gottleib and attached Agreement, (Doc. 25)—to determine Defendants' motion. (Pl.'s Opp. 4.) He contends that I may "either disregard such materials or treat the motion to dismiss as a motion for summary judgment." (*Id.*) Plaintiff fails to recognize that Defendants have also moved to dismiss pursuant to the doctrine of *forum non conveniens*. To determine such a motion, I may rely on pleadings and affidavits. (*See supra* Section III.) "Pl.'s Opp." refers to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, filed February 19, 2018. (Doc. 26.)

3

hearing is held,"[4] *Allianz Glob. Corp. & Specialty v. Chiswick Bridge*, Nos. 13–cv–7559–RA, 13–cv–7565–RA, 2014 WL 6469027, at *2 (S.D.N.Y. Nov. 17, 2014) (citing *Martinez*, 740 F.3d at 216–17).

"[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 63. Courts in this Circuit use a four-part analysis to determine the validity of a forum selection clause. *Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 383–84 (2d Cir. 2007). First, the court must determine: (1) whether the clause was "reasonably communicated" to the party resisting enforcement, (2) whether the clause is mandatory or permissive, and (3) whether the claims and parties involved in the suit are subject to the clause. *Id.* at 383. If these three requirements are met, the forum selection clause is presumptively enforceable. *Id.* "The fourth, and final, step [of the analysis] is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Id.* at 383–84 (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)). A forum selection clause will thus be enforced unless "(1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." *Martinez*, 740 F.3d at 228 (internal quotation marks omitted).

---

[4] Here, the parties have not raised any such disputes. Because there are no material facts that may be fairly disputed, I find that no discovery or evidentiary hearing is warranted.

4

## IV. Discussion

Plaintiff does not dispute that the Forum Selection Clause was reasonably communicated to him or that the Clause is mandatory; therefore, the Forum Selection Clause satisfies the first two prongs of the *Phillips* analysis. Instead, Plaintiff focuses on the third prong of the *Phillips* analysis, which requires the court to determine whether the subject clause covers the claims and parties involved in the suit. Specifically, Plaintiff argues that the Agreement "was clearly written as, and intended as, a non-compete and non-solicitation agreement," and "[t]here is no discussion of contractual terms, of employment position, of reimbursement, of benefits, or anything concerning Plaintiff's employment with Defendants, aside from his agreement not to compete with Defendants upon his departure." (Pl.'s Opp. 7.)

Plaintiff's argument is without merit, as evidenced by the clear and unambiguous language of the Forum Selection Clause. The fact that the Agreement was intended as a non-compete and non-solicitation agreement misses the point, and does not answer the question of whether the Clause covers Plaintiff's claims in the present suit. As an initial matter, "the scope of a forum selection clause is not limited solely to claims for breach of the contract that contains it." *Cfirstclass Corp. v. Silverjet PLC*, 560 F. Supp. 2d 324, 329 (S.D.N.Y. 2008) (citing *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir. 1993)). Moreover, the Forum Selection Clause provides that "the jurisdiction and venue for any litigation involving th[e] Agreement or the employment relationship shall be set in the State Court of New Haven County, Connecticut." (Gottleib Decl. Ex. 1, ¶ 6(D).) Thus, the Clause explicitly contemplates litigation arising out of either "th[e] Agreement or the employment relationship," (*id.*), which refutes Plaintiff's argument that the Clause cannot be read to cover matters outside the Agreement. Further, "[c]ourts have concluded that forum selection clauses covering legal actions 'arising' from or

5

'relating' to an employment agreement apply to discrimination and retaliation claims." *Lahoud v. Document Techs. LLC*, No. 17-cv-1211 (PKC), 2017 WL 5466704, at *4 (S.D.N.Y. Nov. 14, 2017) (collecting cases); *cf. Martinez*, 740 F.3d at 224 (applying English law to enforce a forum selection clause that required plaintiff to bring discrimination claims in the United Kingdom).

The Forum Selection Clause extends to "any litigation involving . . . the employment relationship." (Gottleib Decl. Ex. 1.) This language, to which Plaintiff assented, is clear and unambiguous. Plaintiff alleges in his Complaint that he was the subject of unlawful discrimination and retaliation in the workplace by his employer. He is only able to advance such claims because they involve his employment relationship with his employer. Because the Forum Selection Clause was reasonably communicated to Plaintiff, has mandatory force, and covers the claims and parties[5] in this suit, it is presumptively enforceable. *See Phillips*, 494 F.3d at 383.

I now turn to the final stage of the *Phillips* inquiry, which requires the resisting party to "mak[e] a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Id.* at 383–84 (quoting *M/S Bremen*, 407 U.S. at 15). To rebut the presumptive enforceability of the Clause, Plaintiff argues that "the Southern District is the most convenient district for all parties involved." (Pl.'s Opp. 10.) These circumstances, however, do not rise to the level of those contemplated by *Phillips*— that litigating in the selected forum would be "so difficult and inconvenient" that Plaintiff would

---

[5] Plaintiff does not oppose Defendants' argument that the Forum Selection Clause covers the Individual Defendants in addition to PFP. As Defendants note, a non-signatory employee is covered by her employer's contract. *See Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 701 (2d Cir. 2009) ("[T]he fact a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause."); *cf. Mosca v. Doctors Assocs.*, 852 F. Supp. 152, 155 (E.D.N.Y. 1993) (holding that "all of the named defendants are bound by the arbitration clause" given that "[e]ach Defendant employee is an agent of [the employer] and is bound by the arbitration agreement since the acts ascribed to them occurred during and as a result of their employment and agency"). This principle has also been applied to cases where a non-signatory invokes a forum selection clause. *See Magi XXL, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 723 (2d Cir. 2013) ("[A] non-signatory to a contract containing a forum selection clause may enforce the forum selection clause against a signatory when the non-signatory is 'closely related' to another signatory.").

"effectively be deprived of [its] day in court." *Phillips*, 494 F.3d at 392; *see also Atl. Marine*, 571 U.S. at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."). Indeed, Plaintiff cannot reasonably assert any meaningful hardship, given that Plaintiff resides in New York City and the Forum Selection Clause requires litigation in the neighboring state of Connecticut. *See, e.g.*, *Allianz Glob. Corp.*, 2014 WL 6469027, at *3 (enforcing forum selection clause that required plaintiff to "split[] its litigation efforts between New York and Tokyo"); *Lahoud*, 2017 WL 5466704, at *4–5 (applying forum selection clause that required plaintiff to litigate claims in Georgia even though he lived in Connecticut). Beyond mere inconvenience, Plaintiff has not shown that he would be unable to adequately assert his claims in Connecticut state court, or that he would not receive a fair hearing in that jurisdiction. *See Allianz Glob. Corp*., 2014 WL 6469027, at *3. Accordingly, Plaintiff fails to rebut the presumptive enforceability of the Clause; therefore, the Forum Selection Clause is valid and enforceable against him.

## V.     Dismissal

Plaintiff argues that Defendants should have filed a motion to transfer under 28 U.S.C. § 1404 rather than a motion to dismiss. (Pl.'s Opp. 10.) Plaintiff is incorrect. "For . . . cases calling for a nonfederal forum, § 1404(a) has no application, but the residual doctrine of *forum non conveniens* has continuing application in federal courts." *Atl. Marine*, 571 U.S. at 60–61 (internal quotation marks omitted). Indeed, the Supreme Court has held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Id.* at 60. Having found that the Forum Selection Clause is valid, I must dismiss the case pursuant to the doctrine of *forum non conveniens*.

## VI. <u>Conclusion</u>

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 23), enter judgment for Defendants, and close this case.

SO ORDERED.

Dated: September 28, 2018
      New York, New York

Vernon S. Broderick
United States District Judge